**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1448
_____

JAMESON ROSADO,
                                        Appellant

v.

JOSEPH A. DICKSON

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:24-cv-01256)
District Judge:  Honorable Zahid N. Quraishi

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 17, 2026
Before: HARDIMAN, SCIRICA,* and FISHER, *Circuit Judges*.

(Filed: August 11, 2026)

_____

OPINION**

_____

PER CURIAM

---

* The Honorable Anthony J. Scirica was unavailable to participate in the decision in this case after submission to the merits panel. This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and 3d Cir. I.O.P. 12.1(b).

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jameson Rosado, proceeding pro se, appeals from orders of the United States District Court for the District of New Jersey dismissing his complaint and denying his timely requests for reconsideration of the dismissal order. For the following reasons, we will affirm.

In his complaint, Rosado raised claims seemingly related to prior unsuccessful civil cases wherein he challenged his termination from the FBI and actions taken by law enforcement officials and the courts after he threatened Magistrate Judge Joseph A. Dickson. The District Court explained that the complaint was "not a model of clarity" and ordered Rosado to show cause why it should not be dismissed based on, among other things, the doctrine of res judicata. After Rosado responded, the District Court dismissed the complaint, citing res judicata, judicial immunity, and prosecutorial immunity. Rosado timely moved for reconsideration. The District Court denied relief. Rosado timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal of the complaint is plenary, s*ee Dooley v. Wetzel*, 957 F.3d 366, 373 (3d Cir. 2020), and we review for abuse of discretion the District Court's order denying Rosado's requests for reconsideration. *See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 673 (3d Cir. 1999).

Rosado named as defendants federal and state judges, the United States Marshals Service and a Marshals Service Inspector, local law enforcement officers, a county prosecutor, and a borough clerk. As noted above, his claims appear to stem from prior

2

unsuccessful lawsuits.  As relief, Rosado sought a passport (paid for by the defendants), return of two firearms, reimbursement for future health insurance copayments, invalidation of "two NJ Court judgments, which were not conducted in accordance with fair due process," "restitution," and "reinstatement."  (ECF 1, at 17-18.)

Rosado's claims against the state and federal judges are barred by judicial immunity.  "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts."  *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam).  Judicial immunity applies even if the judge's action "was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'"  *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)).  Rosado's allegations against the judges solely relate to actions that they took in his prior civil and criminal proceedings.  *Cf. Barrett v. Harrington*, 130 F.3d 246, 259 (6th Cir. 1997) (holding "that in circumstances in which a judge reasonably perceives a threat to himself or herself arising out of the judge's adjudicatory conduct, the judge's response, be it a letter to a prosecutor or a call to the Marshall's [sic] office for security, is a judicial act within the scope of judicial immunity").  It does not appear that any of Rosado's requests for injunctive relief were directed at the judicial defendants, but even if they were, immunity would apply.  *See* 42 U.S.C. § 1983 (stating that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was

3

unavailable"); *Azubuko*, 443 F.3d at 303-04 (citing *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000), for the proposition that Congress' 1986 amendment to § 1983 to provide that "injunctive relief shall not be granted" applies to both state and federal judges).

The county prosecutor named in Rosado's complaint is also immune from suit. Prosecutors are generally immune from liability for damages in actions brought pursuant to § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Rosado did not allege that the prosecutor's actions were not "intimately associated with the judicial phase of the criminal process." *Fogle v. Sokol*, 957 F.3d 148, 159-61 (3d Cir. 2020). Although prosecutorial immunity does not apply to requests for declaratory or injunctive relief, *see Supreme Court of Va. v. Consumers Union of the U.S., Inc.*, 446 U.S. 719, 736 (1980), Rosado did not seek such relief from the prosecutor.

The claims against the remaining defendants – the United States Marshals Service and a Marshals Service Inspector, local law enforcement officers, and the borough clerk – are barred by res judicata.[1] Rosado alleged that these defendants were involved in the unlawful seizure of his firearms. Res judicata requires "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)). These

---

[1] The District Court did not err by raising the issue of res judicata sua sponte in the show cause order. *See Arizona v. California*, 530 U.S. 392, 412 (2000).

requirements have been met here. In a prior action, Rosado alleged that Magistrate Judge Dickson "summoned US Marshals to the Carteret NJ Police Department," who then went to his home and seized his guns. The District Court rejected those claims and we affirmed. *Rosado v. Dickson*, 2022 WL 1443674, at *3 (D.N.J. 2022) (stating that Rosado's "allegations are conclusory, and he fails to adequately state any Fourth Amendment claims"); *Rosado v. Dickson*, 2023 WL 6830156, at *2 (3d Cir. 2023) (per curiam) ("The District Court also properly rejected Rosado's Second and Fourth Amendment claims."). Of course, "[t]he doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought." *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). In that regard, Rosado's present claims against the judges and the prosecutor, if not precisely raised in that prior action, certainly could have been.[2]

The District Court did not abuse its discretion in denying Rosado's requests for reconsideration because his submissions failed to allege "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available . . .; or (3) the need to correct a clear error of law or factor to prevent manifest injustice." *Max's Seafood Café*, 176 F.3d at 677. Instead, he merely complained that the District Court "relayed misinformation to [a] creditor by falsely claiming" that the underlying case was

---

[2] A comparison of the defendants named in the prior action with the defendants identified by the District Court in the underlying proceedings reveals only two differences. In the underlying proceedings, Rosado named District Court Judges Esther Salas and John M. Vazquez, who were not included in the prior case.

5

closed (ECF 37, at 1), and he asked the District Court to "reopen & reassign this complaint." (ECF 38, at 2.)

For the foregoing reasons, we will affirm the judgment of the District Court.[3]

---

[3] Rosado's motion to remand is denied and, to the extent he requests any further relief, it is denied.